# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**MONTRELL MAGEE**                                                                  **PLAINTIFF**

**VERSUS**                     **CIVIL ACTION NO.: 5:23-cv-00116-DCB-BWR**

**PIKE COUNTY, MISSISSIPPI, et al.**                           **DEFENDANTS**

## REPORT AND RECOMMENDATION

On December 27, 2023, *pro se* Plaintiff Montrell MaGee filed this Complaint [1] under 42 U.S.C. § 1983, alleging that Defendants (1) Pike County, Mississippi; (2) Herbert Young; (3) Valerie Wells; and (4) Chandra Hughey are liable for maintaining unconstitutional conditions of confinement and for denying him medical care at the Pike County Jail in Magnolia, Mississippi. On May 22, 2024, the Court set this matter for a screening hearing on July 31, 2024, in Natchez, Mississippi. Order [24]. The Order Setting Omnibus Hearing, along with the Notice of Hearing, was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable in an envelope marked, "no longer here." Envelope [27] at 1.

Before the screening hearing, the Court contacted the Pike County Jail and confirmed that Plaintiff was released from custody in May 2024. He has not notified the Court about a change of address—despite being warned eight times that a failure to comply with the Court's Orders or to advise the Court about a change of address will result in the dismissal of this case. *E.g.*, Order Requiring Plaintiff to Sign and File Complaint for Violation of Civil Rights [3] at 1; Order [6] at 2; Order Setting Payment Schedule [8] at 3; Order Requiring Plaintiff to Respond [9] at 3; Order

Requiring Plaintiff to Sign [11] at 1; Order [14] at 2-3; Order Setting Omnibus Hearing [24] at 4; Order Referring Case [26] at 1. Plaintiff has not communicated with the Court about this lawsuit since April 26, 2024. *See* Resp. [12].

On July 31, 2024, the Court came to order at the appointed time and in the appointed location and announced Plaintiff's case. Plaintiff's name was called inside the courtroom three times without a response. Plaintiff's name was then called in the hallway outside the courtroom three times, again without a response. Court security personnel confirmed that Plaintiff had not passed through the security checkpoint at the courthouse to enter the building. Based on Plaintiff's failure to appear at the screening hearing and his failure to keep the Court apprised of his current address, the undersigned finds that Plaintiff no longer demonstrates interest in prosecuting his claims. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff Montrell MaGee's Complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within fourteen days of being served with a copy of this Report and Recommendation, any party may serve and file written objections with the Clerk of Court. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. Within seven days of service of the objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections. L.U.CIV.R. 72(a)(3).

The District Judge shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *See Wallace v. Miss.*, 43 F.4th 482, 494-95 (5th Cir. 2022) (collecting cases).

**SIGNED,** this 1st day of August, 2024.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE