```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

MONTRELL MAGEE                                              PLAINTIFF

V.                          CIVIL ACTION NO.: 5:23-cv-00116-DCB-BWR

PIKE COUNTY, MISSISSIPPI, et al.                           DEFENDANTS

ORDER ADOPTING THE REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Magistrate Judge Bradley W. Rath's Report and Recommendation, [ECF No. 32] (the "Report"), which addresses Montrell MaGee ("Plaintiff")'s failure to prosecute a lawsuit that he filed under 42 U.S.C. § 1983.  Magistrate Judge Rath issued his Report sua sponte after Plaintiff failed to appear at an Omnibus Hearing.  See docket minute entry dated July 31, 2024.  The Report lists eight (8) orders in which the Court warned Plaintiff that a failure to comply with the Court's orders or to advise the Court about Plaintiff's change of address would result in the dismissal of this case.  The Court docket reflects repeated occasions when communications that the Court sent to Plaintiff's last-known mailing address were returned as undeliverable.  The Magistrate Judge concluded that: "Based on Plaintiff's failure to appear at the screening hearing and his failure to keep the Court apprised of his current address, the undersigned finds that

1

Plaintiff no longer demonstrates interest in prosecuting his claims. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)."  [ECF No. 32] at 2.

The Court notes that no party has filed an objection to the Report, and the time to do so has expired.[1]  Where no party objects to the magistrate judge's report and recommendation and

---

[1] Under the applicable procedural rules, objections to the Report were due on August 19, 2024.  The Court's electronic docket confirms that, to date, no party has filed any objections to the Report.  The due date for objections is computed as follows:

(i) Under Federal Rule of Civil Procedure 72(b)(2), a party may file its specific written objections to a magistrate judge's report and recommendation " … [w]ithin 14 days after being served with a copy of the recommended disposition … ."
Fed. R. Civ. P. 72(b)(2).

(ii) Service for the purposes of Rule 72 was complete upon mailing the Report to Plaintiff's last known address. See Fed. R. Civ. Pro. 5(b)(2)(C) ("A paper is served under this rule by: …  mailing it to the person's last known address—in which event service is complete upon mailing"). The Court's electronic docket confirms that service by mail to Plaintiff occurred on August 1, 2024.

(iii) Federal Rule of Civil Procedure 6(d) provides that: "When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) … 3 days are added after the period would otherwise expire under Rule 6(a)."  Fed. R. Civ. P. 6(d).  The additional 3 days would extend the due date for objections to the Report until August 18, 2024.  See Kendricks v. Methodist Children's Home, No. 6:20-CV-1006-ADA, 2021 WL 5002600, at *2 (W.D. Tex. Oct. 28, 2021).

(iv) However, because August 18, 2024, was a Sunday, the time for filing objections was extended by one day until August 19, 2024, when the Clerk's office was accessible.  Fed. R. Civ. P. 6(a)(3)(A)("[I]f the clerk's office is inaccessible … on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday."); see also Sam v. YRC, Inc., No. 3:14-CV-5-WHB-RHW, 2014 WL 11515602, at *1 (S.D. Miss. Aug. 4, 2014).

2

the report contains a warning about the consequences of failing to object (as this report does), the Court is not required to perform a de novo review of the magistrate judge's determination.  In such cases, the standard of review is whether the report and recommendation is clearly erroneous or contrary to law.  Quinn v. Guerrero, 863 F.3d 353, 358 (5th Cir. 2017) (" … a party is not entitled *de novo* review after failing to file written objections to the magistrate judge's R&R within a certain period of time."); see also United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989) (the clearly erroneous, abuse of discretion and contrary to law standard of review is appropriate only where there has been no objection to the magistrate's ruling).  Finding no clear error in the Report and not finding it contrary to law, the Court agrees with and adopts Magistrate Judge Rath's recommendation.

    Accordingly,

    IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation [ECF No. 32] is **ADOPTED** as the findings and conclusions of this Court; and

    IT IS FURTHER ORDERED that this case is **DISMISSED** without prejudice for Plaintiff's failure to prosecute.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this 4th day of September 2024.

                                                /s/ David Bramlette
                                  UNITED STATES DISTRICT JUDGE